Judge Underwood,
delivered the opinion of-the court.
An attachment issued against M'Brayer for failing to attend as a witness. By order of the court he was permitted to give bail. Johnson became his surety in the bail piece or recognizance. M‘Brayer having failed to appear to answer for the contempt, a ■scirefacias was sued outjointly againsthim and Johnson, upon their recognizance, to which a demurrer was filed and sustained by the court. To reverse the judgment, the Commonwealth prosecutes a writ of error-,
In the case of Madison &c. vs. the Commonwealth, II. Mar. 132, this court decided that a scire facias was materially defective, because it contained “no direct charge that the recognizance recited was acknowledged by the appellants before some authorized to take such acknowledgment, and that the •zance so taken was transmitted to the clerk of the Franklin circuit court.” The doctrines of this case were followed in the cases of the Commonwealth vs. Steel, and the Commonwealth vs. Jones, II. Mar. 131. Upon an examination of the scire facias in this cause, we can find no direct cmerment that the recognizance was acknowledged before a person having competent authority to take it, and that the recognizance so taken was transmitted to the clerk of the Anderson circuit court. Adhering to the principles previously settled, we concur with the circuit court.
Wherefore the judgment is affirmed.